IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **RFC LENDERS OF TEXAS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**SMART CHEMICAL SOLUTIONS, LLC**<br><br>Defendant. | CIVIL ACTION NO.: 6:23-cv-832<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

1.  Plaintiff RFC Lenders of Texas, LLC files this Complaint for Patent Infringement against Smart Chemical Solutions, LLC ("Smart Chemical" or "Defendant").

## PARTIES

2.  Plaintiff is a Texas limited liability company having its primary office at 405 State Highway 121, Suite A250, Lewisville, Texas 75067, in Denton County, Texas.

3.  On information and belief, Defendant Smart Chemical is a Delaware limited liability company having multiple places of business, including at 3505 Olsen Boulevard, Suite 201 Amarillo, Texas 79109-3032, 3318 South County Road 1180, Midland, Texas 79706 and 5400 North Big Spring Street, Suite A, Midland, Texas 79705.

4.  Defendant's Registered Agent for service of process in Texas appears to be Capitol Corporate Services, Inc. 1501 South Mopac Expressway, Suite 220 Austin, Texas 78746.

## JURISDICTION AND VENUE

5.  This action arises under the patent laws of the United States, Title 35 of the United States Code.

6.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.  Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

8.  On information and belief, Defendant does business at multiple locations in this Judicial District, including at least 3318 South County Road 1180, Midland, Texas 79706 and 5400 North Big Spring Street, Suite A, Midland, Texas 79705.

9.  On information and belief, Defendant's locations in Midland, Texas are regular and established places of business for Defendant.

10. On information and belief, Defendant has committed acts of infringement within this Judicial District by using infringing systems in its business within this Judicial District.

11. Thus, Defendant maintains multiple regular and established places of business in this Judicial District, and has committed acts of patent infringement in this Judicial District.

12. Venue is therefore proper in this district under 28 U.S.C. §§ 1391(c) generally, and under 1400(b) specifically.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,430,471

13. Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 7,430,471 ("the '471 Patent") entitled "Method and System for Monitoring a Vehicle" – including all rights to recover for past, present and future acts of infringement. The '471 Patent issued on September 30, 2008, and has a priority date of October 25, 2004.  A true and correct copy of the '471 Patent is attached as Exhibit A.

14. On information and belief, Defendant has used and uses certain telematics systems in its business, including a network of devices manufactured by Motive Technologies, Inc. of San Francisco, California ("Motive Devices" and collectively, the "Motive System(s)").

15. On information and belief, Defendant has used and uses the Motive Systems to track and monitor the movement and activation of its vehicles.

16. On information and belief, Defendant has used and uses the Motive Systems to detect and log data related to activation and movement of vehicles being tracked, including driver-specific identification.

17. On information and belief, Defendant has used and uses the Motive Systems to transmit live data detailing the operation and movement of vehicles to a centralized system, where managers can examine and evaluate the data.

18. On information and belief, Defendant has used and uses the Motive Systems to determine and analyze driver activity in relation to vehicle activity.

19. On information and belief, Defendant has used and uses the Motive Systems to determine and analyze vehicle location and routing, in relation to predetermined locations.

20. On information and belief, Defendant has used and uses the Motive Systems to collect and transmit vehicle location, bearing, and speed information.

21. On information and belief, Defendant has used and uses the Motive Systems to detect movement and activation of vehicles, and transmit signals indicating movement or activation of a vehicle to a control center.

22. On information and belief, Defendant has used and uses the Motive Systems to transmit received operator identification information to a control center.

23. On information and belief, Defendant has used and uses the Motive Systems to detect a vehicle's proximity to landmarks.

24. On information and belief, the Motive Systems used by Defendant utilize GPS transceivers co-located with the vehicle to transmit location coordinates of the vehicle.

25. All recited elements set forth in one or more claims of the '471 Patent are present within the Motive Systems utilized by Defendant.

26. The Motive Systems, when used and/or operated in their intended manner or as designed, infringe one or more claims of the '471 Patent, and Defendant is therefore liable for infringement of the '471 Patent.

27. The Motive Systems utilized by Defendant directly infringe at least one claim of the '471 Patent.

28. In the alternative, the Motive Systems utilized by Defendant infringe one or more claims of the '471 Patent under the doctrine of equivalents. More specifically, the Motive Systems perform substantially the same functions in substantially the same manner with substantially the same structures, obtaining substantially the same results, as the required elements of at least one claim of the '471 Patent. Any differences between the Motive Systems and the claims of the '471 Patent are insubstantial.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed the '471 Patent;

b. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith, from infringement of the '471 Patent;

c. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '471 Patent as provided under 35 U.S.C. § 284;

d. An award to Plaintiff for enhanced damages resulting from the knowing and deliberate nature of Defendant's prohibited conduct with notice being made at least as early as the service date of this complaint, as provided under 35 U.S.C. § 284;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

f. Any and all other relief to which Plaintiff may show itself to be entitled.

Respectfully Submitted this 6th day of December, 2023

/s/ Kenneth Thomas Emanuelson
Kenneth Thomas Emanuelson

        Texas Bar No. 24012591
**THE EMANUELSON FIRM, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone: 469-363-5808
Email: Ken@Emanuelson.us

**ATTORNEY FOR PLAINTIFF
RFC LENDERS OF TEXAS, LLC**